UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUG STROSNIDER,<br><br>                 Plaintiff,<br><br>v.<br><br>CITY OF NAMPA, *et. al.*,<br><br>                 Defendants. | Case No. 1:14-cv-00459-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Leave to Amend Complaint (Dkt. 34).

## BACKGROUND

Under the Court's CMO and a stipulated extension to certain deadlines, amended pleadings were due July 29, 2015. (Dkts. 9&21). Strosnider filed his motion to amend on November 17, 2015, almost four months after this deadline. (Dkt.34). The motion was also filed only about a month before the discovery cutoff deadline.[1] Strosnider seeks to add a claim for wrongful termination in violation of public policy.

---

[1] The discovery deadline was later extended to permit limited discovery because of an ongoing discovery dispute.

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

As the Court explained in its CMO, motions to amend filed after the scheduling order deadline are subject to the more restrictive provisions of Fed.R.Civ.P. 16(b). Case Mgmt. Order, ¶ 2 n. 2, Dkt. 9 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)). The good cause standard under Fed.R.Civ.P. 16(b) is determined by the diligence of the party seeking the amendment. *Mammoth Recreations*, 975 F.2d at 609. The district court may modify the pretrial schedule, or allow the amendment, only if the deadline could not have reasonably been met despite the diligence of the party seeking the amendment. *Id*. Importantly, the Ninth Circuit makes clear that if the party moving for the amendment was not diligent, the inquiry ends. *Id.*

## ANALYSIS

In this case, Strosnider fails to demonstrate how he could not have reasonably met the July 29 deadline. Notably, Strosnider acknowledges that the new claim is merely an "alternative theory" to his whistleblower claim, and that he wants to add the claim "out of an abundance of caution." *Def. Brief*, p. 3, Dkt. 36. Strosnider points to no new information or evidence, no change in the law, and no other justifiable reason why he could not have asserted the new claim in his original Complaint – or at least before expiration of the amended pleadings deadline of July 29. Accordingly, Strosnider has failed to demonstrate good cause for amending the CMO, and his request to amend shall be denied.

## ORDER

IT IS ORDERED:

MEMORANDUM DECISION AND ORDER - 2

1. Plaintiff's Motion for Leave to Amend Complaint (Dkt. 34) is **DENIED**.

DATED: February 22, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 3**